LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
ANTHONY PHAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO VIGIL, EDUARDO MARTINEZ, ANTHONY PHAN, JOSE SERGIO GODINEZ, ALFREDO ALBOR, JR., JOSE FEDERICO ANGULO BARRERA, ERNIE HERNANDEZ, DULCE GUADALUPE MEDINA, VICTOR CALDERON, JESUS SUAREZ, and JACOB WESLEY BLACKWOOD,<br><br>Defendants. | Case No.: 2:24-cr-065 DAD<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date:   November 24, 2024<br>Time:   9:30 a.m.<br>Court:  Hon. Dale A. Drozd |

Plaintiff United States of America by and through Assistant United States Attorney Ross Pearson, and Attorney Michael Hansen on behalf of Defendant Antonio Vigil, Attorney Vivian Ann Mejia on behalf of Defendant Eduardo Martinez, Attorney Todd Leras on behalf of

ORDER CONTINUING STATUS
CONFERENCE

Defendant Anthony Phan, Attorney Martin Jones on behalf of Defendant Jose Sergio Godinez, Attorney Shari Rusk on behalf of Defendant Alfredo Albor, Jr., Attorney Toni White on behalf of Defendant Jose Federico Angulo Barrera, Attorney Robert Darrohn on behalf of Defendant Ernie Hernandez, Attorney Danica Mazenko on behalf of Defendant Dulce Guadalupe Medina, Attorney Etan Zaitsu on behalf of Defendant Victor Calderon, Attorney Kyle Knapp on behalf of Defendant Jesus Suarez, and Attorney Christopher Cosca on behalf of Defendant Jacob Wesley Blackwood stipulate as follows:

1. This matter is currently set for a status conference/ruling on a pending motion to dismiss on November 24, 2025. Defendants request to continue the status conference until January 26, 2026, at 9:30 a.m.

2. Defendant Jose Angulo Barrera filed a Motion to Dismiss for Violation of Sixth Amendment Right to Counsel (ECF Document 123) on October 9, 2025. Defendants Blackwood (ECF Document 124), Phan (Document 125), Calderon (Document 126), and Godinez (Document 127) subsequently joined in Angulo Barrera's motion. The Court heard argument on the motion on October 27, 2025, and took the matter under submission. It further continued the matter to November 24, 2025, for further status conference/ruling on the Motion to Dismiss.

3. Prior to August 18, 2025, the parties had continued this matter by stipulation on several occasions as the parties worked out the details of a discovery protective order. For the period from February 24, 2025, up to and including May 5, 2025, time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., and Local Codes T-2 (case complexity) and T-4 (attorney preparation). (ECF Document 92). A

ORDER CONTINUING STATUS CONFERENCE

subsequent stipulation (ECF Document 108) excluded time based solely on attorney preparation.

4. The parties stipulate that the discovery in this case is voluminous. The discovery materials produced by the government currently consist of approximately 20,000 pages of materials. These materials include, among other items, written law enforcement reports, wire interception line sheets and call summaries, photographs, audio and videotapes, search warrant applications and returns, telephone downloads, and other materials produced during the investigation.

5. This case alleges the existence of a drug distribution conspiracy based out of Stanislaus County. The events charged in this case occurred from March 2023 to June 18, 2024. The conspiracy involved distribution of cocaine, fentanyl, heroin, and methamphetamine. The FBI's investigation included use of several rounds of Court-authorized wiretaps on telephones associated with participants in the drug distribution conspiracy. The case includes a charge that Defendants Vigil, Martinez, Anthony Phan, and Jose Godinez conspired to participate in a Hobbs Act Robbery.

6. On August 18, 2025, the parties appeared before the Court for a status conference (ECF Entry 122). Prior to the status conference, the government filed a "Status Report" (ECF Document 118) requesting that the case be set for trial. Defendants opposed setting a trial date on the ground that a lapse in funding for lawyers appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (hereafter the "CJA") had occurred in early July 2025. Appointed counsel represented that the lapse in funding impeded their ability to, among other things, conduct investigation

ORDER CONTINUING STATUS CONFERENCE

and review relevant discovery materials subject to protective order with their respective clients. The Court agreed to continue the status conference until October 27, 2025, and excluded time under the Speedy Trial Act based on the need for attorney preparation. The Court further indicated that it intended to set a trial date on September 8, 2026, when the parties next appeared on October 27, 2025.

7. Following the August 18, 2025 status conference, the CJA funding lapse continued past the beginning of the fiscal year on October 1, 2025. Congress failed to pass a new budget or continuing resolution to fund the government. The longest federal government shutdown in history ensued from October 1, 2025, to November 13, 2025.

8. Defendant Angulo Barrera's Motion to Dismiss argued that the CJA funding lapse constitutes a systematic denial of the Sixth Amendment Right to Counsel. The Court heard argument as to that contention on October 27, 2025. After taking the matter under submission, the Court excluded time under the Speedy Trial Act up to and including November 24, 2025. As to those Defendants represented by retained counsel or who did not join in Angulo Barrera's Motion to Dismiss it did so based on the need for attorney preparation. As to the Defendants urging the Court to grant Angulo Barrera's Motion to Dismiss, the exclusion occurred pursuant to 18 U.S.C.§ 3161(h)(6) (reasonable period of delay when defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance has been granted) and Local Code R.

9. On November 13, 2025, the President signed a continuing resolution which

ORDER CONTINUING STATUS CONFERENCE

authorized payment of past due CJA vouchers, and funded CJA operations until at least January 30, 2026. On November 17, 2025, this Court heard arguments as to similar motions to dismiss in *United States v. Colindrez-Erazo* (Case No. 2:24-cr-096 DAD), *United States v. Arteaga Cruz, et al.,* (Case No. 2:24-cr-0246 DAD), *United States v. Estrada Cruz,* (Case No. 2:24-cr-0247 DAD), and *United States v. Zelaya-Murillo* (Case No. 2:25-cr-0118 DAD). The Court indicated that it considered the motions to be moot based on the resumption of CJA funding following presidential approval of the continuing resolution and that it would issue a brief order to that effect in a reasonable time. It is anticipated that the Court intends to issue a similar order in this case for the same reasons.

10. All defense counsel require additional time to continue their review of discovery materials with their respective clients and to conduct defense investigation tasks stemming from them. They are expected to be able to do so, at least until January 30, 2026, once payments resume for CJA counsel and their service providers.

11. Given the continuing defense review of the discovery materials and investigation of matters related to them, Defendants request to continue the status conference in this matter from November 24, 2025 to January 26, 2026. They further move to exclude time between November 24, 2025 and January 26, 2026, inclusive, pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B)(ii) and (iv) [Local Codes T-2 and T-4] because it results from a continuance granted by the Court at Defendants' request on the basis that the case is complex and that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial. The

ORDER CONTINUING STATUS CONFERENCE

government does not oppose the request. The government is also not insisting on the setting of a trial date on November 24, 2025. It will, however, request setting of a trial for those Defendants who do not resolve their cases on January 26, 2026.

12. All defense counsel represent and believe that failure to grant additional time as requested would deny Defendants the reasonable time necessary for effective preparation, considering the exercise of due diligence.

13. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of November 24, 2025 to January 26, 2026, inclusive, is deemed excludable pursuant 18 U.S.C. § 3161(h)(7)(A), and (B)(ii) and (iv) [Local Codes T-2 and T-4] because it results from a continuance granted by the Court at Defendants' request on the basis that the case is complex and that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial.

14. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Ross Pearson on behalf of Plaintiff United States of America, Attorney Michael Hansen on behalf of Defendant Antonio Vigil, Attorney Vivian Ann Mejia on behalf of Defendant Eduardo Martinez, Attorney Martin Jones on behalf of Defendant Jose Sergio Godinez, Attorney Shari Rusk on behalf of Defendant Alfredo Albor, Jr., Attorney Toni White on behalf of Defendant Jose Federico Angulo Barrera, Attorney Robert Darrohn on behalf of Defendant Ernie Hernandez, Attorney Danica Mazenko on behalf of Defendant Dulce

ORDER CONTINUING STATUS
CONFERENCE

Guadalupe Medina, Attorney Etan Zaitsu on behalf of Defendant Victor Calderon, Attorney Kyle Knapp on behalf of Defendant Jesus Suarez, and Attorney Christopher Cosca on behalf of Defendant Jacob Blackwood have reviewed this stipulation and proposed order and authorized Todd Leras via email to sign it on behalf of their respective clients.

DATED:  November 20, 2025

ERIC GRANT
United States Attorney

By   */s/ Todd D. Leras for*
    ROSS PEARSON
    Assistant United States Attorney

DATED: November 20, 2025

By   */s/ Todd D. Leras for*
    MICHAEL E. HANSEN
    Attorney for Defendant
    ANTONIO VIGIL

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    VIVIAN ANN MEJIA
    Attorney for Defendant
    EDUARDO MARTINEZ

DATED:  November 20, 2025

By   */s/ Todd D. Leras*
    Attorney for Defendant
    ANTHONY PHAN

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    MARTIN A. JONES
    Attorney for Defendant
    JOSE SERGIO GODINEZ

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    SHARI G. RUSK
    Attorney for Defendant
    ALFREDO ALBOR, JR.

ORDER CONTINUING STATUS CONFERENCE

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    TONI L. WHITE
    Attorney for Defendant
    JOSE ANGULO BARRERA

DATED: November 20, 2025

By   */s/ Todd D. Leras for*
    ROBERT DARROHN
    Attorney for Defendant
    ERNIE HERNANDEZ

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    DANICA MAZENKO
    Attorney for Defendant
    DULCE MEDINA

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    ETAN ZAITSU
    Attorney for Defendant
    VICTOR CALDERON

DATED: November 20, 2025

By   */s/ Todd D. Leras for*
    KYLE R. KNAPP
    Attorney for Defendant
    JESUS SUAREZ

DATED:  November 20, 2025

By   */s/ Todd D. Leras for*
    CHRISTOPHER COSCA
    Attorney for Defendant
    JACOB WESLEY BLACKWOOD

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference/hearing on motion to dismiss scheduled for November 24, 2025, are vacated.  A new status conference is scheduled for January 26, 2026, at 9:30 a.m.  The Court further finds, based on the representations of the parties and the request of all defense counsel, that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial.  Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv) and Local Codes T-2 and T-4, to allow necessary attorney preparation taking into consideration case complexity and the exercise of due diligence for the period from November 24, 2025, up to and including January 26, 2026.

IT IS SO ORDERED.

Dated:   **November 20, 2025**    /s/ Dale A. Drozd
                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE